VILLAGE OF DEWITT *v.* TOWNSHIP OF DEWITT.

TOWNSHIPS—VILLAGES—DIVISION OF TOWNSHIPS—STATUTES—DIVISION OF PROPERTY.

1 Comp. Laws 1915, §§ 2198–2205, relate to physical division or alteration of townships, do not contemplate mere creation of village within township, and hence provide no procedure or means for division of property or funds in such case.

Certiorari to Clinton; Searl (Kelly S.), J. Submitted October 8, 1929. (Calendar No. 34,487.) Decided December 3, 1929.

Mandamus by the Village of DeWitt, Clinton county, and the trustees thereof, to compel the Township of DeWitt, Clinton county, and certain officers thereof, to make a division of certain highway funds. From an order denying the writ, plaintiffs bring certiorari. Affirmed.

*Clark S. Gregory* and *Smith, Hunter & Spaulding,* for plaintiffs.

*A. M. Cummins,* for defendants.

CLARK, J. After the village of DeWitt, wholly within the township of DeWitt, was organized, it sought of the township division of certain highway funds, and, being refused, instituted mandamus against the township officers to compel payment. Judgment for defendants is reviewed on certiorari.

The plaintiff village plants its case on chapter 67, 1 Comp. Laws 1915, entitled "Division of Townships." There are eight sections in the chapter. There were but seven when, in 1881, *Board of Health v. East Saginaw*, 45 Mich. 257, was decided, and it was there held:

"The chapter on the division of towns contains no provision whatever for any division of property, except between the townships created or continued as such by the division. The whole machinery provided for adjusting their respective interests is township machinery. There is nothing in the statute which divests a township of any rights in favor of a city, or provides any means for apportioning property or debts between city and township. And the reason for this is obvious. The whole system of township laws is uniform. It is all governed by general laws. It may very well be regarded as safe and discreet to leave the arrangements on a division to town authorities, who are all on the same footing and vested with the same powers and duties. But cities are not so created. Each has its own charter, and its boundaries, powers and rights as well as responsibilities have always been fixed in every case by special legislation. Unless the act creating the city, or some other act relating to city matters, contains some provision concerning the transfer or distribution of township rights or responsibilities, the township cannot be affected by the city incorporation in any of its property relations."

Following this came Act No. 46, Pub. Acts 1881, entitled:

"An act to amend chapter thirteen of the compiled laws of eighteen hundred and seventy-one, relative to the division of townships, by adding a new section thereto, to stand as section eight."

Section 8 (1 Comp. Laws 1915, § 2205):

"In case the township board or boards of any townships, or the proper board of officers of any township or city, shall neglect or refuse to meet as provided in the preceding sections of this chapter, or having met shall refuse or neglect to arrive at a settlement of the matters and things in difference between them, as provided in this chapter, the township or city whose board shall so refuse or neglect shall be liable to an action for an accounting and settlement in a suit in chancery, in accordance with the practice therein in the same manner and to the same effect as may be had between individuals or private corporations. And all the provisions of this chapter relative to settlements between townships on a division thereof, shall be applicable to villages and cities, so far as the same can apply."

It is contended that setting up a village within a township is not a division of the township within the meaning of the statute; also that Act No. 46 is unconstitutional in so far, at least, as it refers to villages; that it violated section 20, art. 4, State Constitution of 1850, quoting: "No law shall embrace more than one object, which shall be expressed in its title," in that the title does not indicate a purpose to legislate relative to villages. The trial court in a well-reasoned opinion held the act unconstitutional, citing: *Fish* v. *Stockdale,* 111 Mich. 46; *Vernor* v. *Secretary of State,* 179 Mich. 157 (Ann. Cas. 1915 D, 128); *Brooks* v. *Hydorn,* 76 Mich. 273.

Perhaps he is right, but we rest decision on the first ground, that the statute does not provide for the situation before us. The statute by its terms relates to physical division or alteration of a township. It does not contemplate the mere creation of a village within a township, which is not a physical

division of the township, and hence it provides no procedure or means for a division of property or funds in such a case. The want cannot be supplied by the courts.

Judgment affirmed.

NORTH, C. J., and FEAD, BUTZEL, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.