BURDICK *v.* SECRETARY OF STATE.

1. Judges — Elections — Incumbency Designation — Construction of Constitution.

    Provision of Constitution that "there shall be printed upon the ballot under the name of each elected incumbent justice or judge who is a candidate for nomination or election to the same office the designation of that office" limits the use of the incumbency designation to judges who have been before the electorate (Const 1963, art 6, § 24).

2. Constitutional Law—Construction of Constitution—Intent.

    Courts may properly resort to the constitutional convention debates and addresses to the people explaining changes made in a new Constitution for the purpose of ascertaining the intent of provisions of the Constitution.

3. Elections—Judges—Incumbency Designation—Statutes—Constitutional Law.

    Provision of a statute which permits a nonelected judge to have an incumbency designation printed with his name on a ballot is unconstitutional and void, where Constitution limits the use of such incumbency designation to elected justices and judges (Const 1963, art 6, § 24; PA 1954, No 116, § 646, as amended by PA 1963 [2d Ex Sess], No 56).

4. Costs—Public Question—Circuit Judges—Incumbency Designation.

    No costs are allowed in action to determine whether or not an appointed circuit judge may have the incumbency designation printed with his name upon a ballot, a public question being

---

References for Points in Headnotes

[1, 3] 18 Am Jur, Elections §§ 173, 174.
[2] 16 Am Jur 2d, Constitutional Law § 88.
[2] Resort to constitutional or legislative debates, committee reports, journals, et cetera, as aid in construction of constitution or statute.  70 ALR 5.
[4] 14 Am Jur, Costs § 91.

involved (Const 1963, art 6, § 24; PA 1954, No 116, § 646, as amended by PA 1963 [2d Ex Sess], No 56).

KELLY, J., dissenting.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted July 23, 1964. (Calendar No. 32, Docket No. 50,904.) Order entered July 29, 1964. Opinion filed October 5, 1964.

Action by Benjamin D. Burdick against James M. Hare, Secretary of State, Board to Canvass Nomination Petitions, and Wayne County Election Commission for declaratory judgment and order of superintending control for the purpose of obtaining incumbency designation on primary election ballot. Judgment for plaintiff. Motion for emergency stay treated by Supreme Court as an appeal. Reversed and remanded for order dismissing action.

*Honigman, Miller, Schwartz & Cohn (Jason L. Honigman* and *David J. Dykhouse,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Russell A. Searl,* Assistant Attorney General, for defendants Secretary of State and Board to Canvass Nomination Petitions.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy* and *Peter Karapetian,* Assistant Prosecuting Attorneys, for defendant Wayne County Election Commission.

KAVANAGH, C. J.  Plaintiff brought an action in the Ingham county circuit court seeking a declaratory judgment and an order of superintending control to obtain adjudication of his right to the incumbency

designation on the ballot in the primary and general elections of 1964.

Plaintiff is a Wayne county circuit judge, having been appointed to the office by the governor in 1963. On July 2, 1964, he filed the required petitions for nomination and election to the office which he holds by appointment. His right to the incumbency designation on the ballot was contested by defendants secretary of State and the board to canvass nomination petitions.

The trial court disposed of the action by ruling on 2 issues of law.

On the first question as to the constitutionality of the proviso portion of section 646[1] of the general election law, as last amended by PA 1963 (2d Ex Sess), No 56, the trial court held that the limitations of section 24 of article 6 of the 1963 Constitution did not prohibit the legislature from granting the designation of incumbency to other than an elected justice or judge. The court concluded that the language of the Constitution, being affirmative in form, constituted no prohibition to the granting of an incumbency designation to an appointed judge; therefore the legislature, having acted, was within its prerogative in granting the right to such designation.

The trial court was of the opinion that he had no right to examine extrinsic evidence to arrive at

[1] "Regular elections shall be held in cities and villages at such times as are provided by the laws and charters governing the time of holding such elections, and such officers shall be elected at such elections and for such terms as are provided by the laws and charters governing such cities and villages: Provided, That in any primary or regular election at which candidates are to be nominated or elected to the office of judge, any incumbent judge who is a candidate, upon his request in writing, may have printed upon the ballot under the name of such candidate, the designation of that office." PA 1954, No 116, § 646 (CLS 1961, § 168.646), as last amended by PA 1963 (2d Ex Sess), No 56 (see Stat Ann § 6.1646, 1964 Current Material, p. 82).

the intent of the constitutional convention, since the section before the court was clear and unambiguous.

The second issue decided by the trial court is the contention that the proviso portion of section 646 does not apply to circuit judges but applies only to judges elected in cities and villages. The trial court held that the proviso portion of this section did apply to circuit judges.

Judgment was entered July 22, 1964, granting plaintiff the designation of his office as circuit judge printed beneath his name on the nonpartisan election ballot for the primary election in September 1964 and, if nominated, for the general election in November 1964; and the defendants were ordered in the performance of their duty with reference to the aforesaid elections, to comply with the right granted the plaintiff.

Defendants James M. Hare, as secretary of State, and the board to canvass nomination petitions filed their motion for an immmediate stay of proceedings as to the effectiveness of the order dated July 22, 1964, or, in the alternative, that the Supreme Court hold an immediate hearing in this case and issue its order or process not later than July 28, 1964.

On July 28, 1964, this Court entered an order which read in part as follows:

"Pursuant to GCR 1963, 806.7 the Court treats the application as a granted application for leave to appeal and orders the opinion and judgment heretofore entered by the trial court in said cause on the 22d day of July, 1964, stayed until the further order of this Court."

On July 29, 1964, this Court entered the following order:

"By order dated July 28, 1964, pursuant to GCR 1963, 806.7, this Court treated the application of defendants James M. Hare, as secretary of State,

and the board to canvass nomination petitions, as a granted application for leave to appeal and ordered the opinion and judgment heretofore entered by the Ingham county circuit court in said cause on the 22d day of July, 1964, stayed until the further order of this Court.

"This Court, having been fully advised in the premises and briefs having been filed in said cause, orders the opinion and judgment heretofore entered by the Ingham county circuit court in said cause on the 22d day of July, 1964, reversed and the cause remanded to the trial court for entry forthwith of an order dismissing the action with prejudice.

"Justice KELLY dissents.  Justice DETHMERS did not participate.

"Justice O'HARA concurs in the vacation of the judgment and the dismissal of the writ of superintending control of the circuit judge on the sole ground of lack of jurisdiction of the circuit court to issue a superintending control writ in the nature of mandamus against a State officer.

"Opinions to follow."

This Court deals only with the question of whether plaintiff, a nonelected incumbent circuit judge should receive the incumbency designation on the ballot pursuant to the provisions of section 646 of the general election law, as amended.

Article 6, § 24 of the Constitution of 1963 provides:

"There shall be printed upon the ballot under the name of each *elected* incumbent justice or judge who is a candidate for nomination or election to the same office the designation of that office." (Emphasis added.)

The address to the people, which was issued by the constitutional convention pursuant to the provisions of PA 1961, No 8,[2] which required that the

2 CLS 1961, § 168.181 (Stat Ann 1963 Cum Supp § 6.1181).—RE-PORTER.

convention issue said address explaining the changes made in the new Constitution, explains article 6, § 24 as follows:

"This is a revision of the last paragraph of § 23, article 7, of the present Constitution. The word 'elected' has been inserted in front of 'incumbent'. Hence it provides that *only judges who have been elected are eligible for the incumbency designation.*" (Emphasis added.)

A reference to the debates and address to the people shows that at a meeting of the committee of the whole on March 8, 1962 (official record, 1 Constitutional Convention 1961, p 1519), Robert J. Danhof, chairman of the committee on the judicial branch, called upon William B. Cudlip for an explanation of the proposal which became section 24 of article 6. Delegate Cudlip said:

"The change is that the person who uses the word 'incumbent' on the ballot must have earned his office, must have been elected. Today any judge or justice may use it, appointed or elected.   *   *   *

"The idea when this 1939 provision was incorporated in our present Constitution for elected and appointed judges was to further insure this ideal of stability of the courts, their independence, to give them some reasonable tenure, and to secure able lawyers. We felt in the committee that perhaps that was a very worthy thing because we do want an independent judiciary and we want the guardians of your liberty to be the best. But we did feel, to repeat, that perhaps a justice or judge should not have that privilege unless he had been once before the electorate."

The foregoing leaves no doubt as to the intent and meaning of section 24 of article 6 in the minds of the convention delegates. Only judges who had been (in Mr. Cudlip's words) "once before the elec-

torate" are entitled to the incumbency designation on the ballot.

Courts on numerous occasions have gone to the constitutional convention debates and addresses to the people to decide the meaning of the Constitution. In *Holland* v. *Clerk of Garden City,* 299 Mich 465, 470, 471, this Court said:

"It is a fundamental principle of constitutional construction that we determine the intent of the framers of the Constitution and of the people adopting it.

"In *Pfeiffer* v. *Board of Education of Detroit,* 118 Mich 560, 564 (42 LRA 536), we said:

" 'In determining this question, we should endeavor to place ourselves in the position of the framers of the Constitution, and ascertain what was meant at the time; for, if we are successful in doing this, we have solved the question of its meaning for all time. It could not mean one thing at the time of its adoption, and another thing today, when public sentiments have undergone a change. *McPherson* v. *Secretary of State,* 92 Mich 377 (16 LRA 475, 31 Am St Rep 587). It is therefore essential that we determine the intent of this provision by reference to the state of the law or custom previously existing, and by the contemporaneous construction, rather than attempt to test its meaning by the so-called advanced or liberal views obtaining among a large class of the community at the present day.' "

See, also, *City of Jackson* v. *Commissioner of Revenue,* 316 Mich 694; *Union Steam Pump Sales Co.* v. *Secretary of State,* 216 Mich 261; and *Pfeiffer* v. *Board of Education, supra.* Also, see *Wesberry* v. *Sanders, Governor of Georgia,* 376 US 1 (84 S Ct 526, 11 L ed 2d 481), where Mr. Justice Black, writing for the majority of the court, explored at great length the debates of the constitutional convention in determining the meaning and intent of certain provisions of the Federal Constitution.

Section 646 of the general election law, as last amended by PA 1963 (2d Ex Sess), No 56, insofar as it violates section 24 of article 6 of the Constitution of 1963, by permitting nonelected judges to have an incumbency designation is unconstitutional and void.

The judgment entered by the Ingham county circuit court on July 22, 1964, is reversed, and the trial court shall forthwith enter an order dismissing the action with prejudice.

No costs, a public question being involved.

SOURIS, SMITH, and ADAMS, JJ., concurred with KAVANAGH, C. J.

BLACK, J., concurred in result.

KELLY, J. (*dissenting*). As shown in Chief Justice KAVANAGH's opinion, a decision in this case was arrived at previous to the service of his opinion and the writing of this dissenting opinion. Realizing that nothing I write can change the result, I shall only briefly set forth my reasons for dissenting to the order entered herein on July 29, 1964. I believe my dissent is amplified and sustained by the opinion of the lower court and the briefs filed in this Court.

In construing the constitutionality of legislative enactments, such legislation must be presumed valid and the burden is on those who question its validity. *Young* v. *City of Ann Arbor,* 267 Mich 241; *City of Ecorse* v. *Peoples Community Hospital Authority,* 336 Mich 490. The legislature's power to legislate is unlimited, except as expressly limited by the Constitution. *Huron-Clinton Metropolitan Authority* v. *Boards of Supervisors of Five Counties,* 300 Mich 1; *Smith* v. *Lakeshore & Michigan S. R. Co.,* 114 Mich 460; *Attorney General* v. *State Board of Assessors,* 143 Mich 73.

Article 6, § 24, of the 1963 Constitution, contains no express prohibition against enactment by the legislature of section 646 of the general election law (CLS 1961, § 168.646), as last amended by PA 1963 (2d Ex Sess), No 56 (Stat Ann § 6.1646, 1964 Current Material, p 82). The language of article 6, § 24 of the 1963 Constitution clearly grants a right to elected judges to reserve the incumbency designation, but nowhere does it prohibit the legislature from granting an incumbent designation to appointed incumbent judges.

The legislature, being the repository of the lawmaking power, is deemed to have the unrestrained right to legislate in the absence of express prohibition within the Constitution. Defendants admit that such express prohibition is here lacking, but assert that such prohibition should be implied. Where the constitutional language is clear and unambiguous, extrinsic evidence of such intent may not be used. *Attorney General* v. *State Board of Assessors, supra; People, ex rel. Twitchell,* v. *Blodgett,* 13 Mich 127. Since section 24 contains such clear and unambiguous language, there is no need or justification to look outside the Constitution to find the meaning of the language used in section 24.

Furthermore, the discussions at the Constitutional Convention did not relate to the transitional period involved in this case. Under the 1963 Constitution all holders of judicial office must in the first instance be elected,[3] thereby eliminating the possibility of appointment to judicial office by the governor, as existed prior thereto. Hence, in enacting the incumbency designation in section 24, it was only necessary to consider the problems of elected judges. The entire Constitutional Convention discussion dealt with the desire to aid these elected judges to maintain

---

[3] See Const 1963, art 6, § 23.—REPORTER.

continuity of service, and such discussion shows no intent to prohibit the legislature from designating appointed incumbent judges as such during the transitional period.

Believing that Hon. Marvin J. Salmon, circuit judge, ruled correctly in allowing the designation, I have dissented to the order of our Court.

O'HARA, J. (*concurring*). I concur in the majority result solely on the ground that the circuit court lacked jurisdiction to issue a writ of mandamus (superintending control) against the secretary of State.

DETHMERS, J., did not sit.