RENNE *v.* OXFORD TOWNSHIP.

1. ELECTIONS—CONSTITUTION—REFERENDUM.
     The Constitution permits all electors in a district or territory
     to vote on all questions affecting their district or territory
     except for increasing the ad valorem tax rate limitation
     (Const 1963, art 2, § 6).

2. STATUTES—CONSTRUCTION—CONSTITUTIONAL LAW.
     A statute will be held valid when it is subject to two interpre-
     tations, one of which would result in the act being held
     unconstitutional and the other permitting it to be upheld
     as valid.

3. SAME—CONSTRUCTION—WORDS AND PHRASES. .·
     Words and clauses in different parts of a statute must be read
     so as to harmonize with the subject matter and general
     purpose of the statute.

4. SAME—CONSTRUCTION—PARTICULAR CLAUSE OR SECTION—GENERAL
   OBJECT.
     The general meaning and object of a statute controls, if pos-
     sible, the construction to be accorded a particular clause or
     section where the literal import of such clause is inconsistent
     with the general meaning and object.

5. SAME—RESTRICTION OF ELIGIBILITY OF ELECTORS—UNCONSTITU-
   TIONALITY.
     Statute providing for referendum vote on question of repealing
     zoning ordinance, which speaks of submission of question to

REFERENCES FOR POINTS IN HEADNOTES
[1]  25 Am Jur 2d, Elections §§ 4, 5, 10
[2]  50 Am Jur, Statutes §§ 170, 217, 471.
[3]  50 Am Jur, Statutes § 352.
[4]  50 Am Jur, Statutes §§ 223, 235, 240, 303, 304.
[5]  25 Am Jur 2d, Elections §§ 58–60, 79.
[6]  16 Am Jur 2d, Constitutional Law §§ 59, 75.
[7]  16 Am Jur 2d, Constitutional Law §§ 75, 77.
[8]  28 Am Jur, Initiative, Referendum and Recall § 19.
[9, 10]  28 Am Jur, Initiative, Referendum and Recall § 30.
[11]  28 Am Jur, Initiative, Referendum and Recall § 37.
     20 Am Jur 2d, Courts §§ 2, 65.
[12]  28 Am Jur, Initiative, Referendum and Recall §§ 9, 23.
[13]  28 Am Jur, Initiative, Referendum and Recall § 23.
[14]  5 Am Jur 2d, Appeal and Error § 1009.

electors and then provides that such ordinances may be invalidated only by vote of majority of persons residing in and owning property assessed for taxes in unincorporated section of township, *held*, to be constitutional except for that part which appears to restrict the vote to persons owning property assessed for taxes (Const 1963, art 2, § 6; CLS 1961, § 125.282).

6. CONSTITUTIONAL LAW—INTERPRETATION.
   Court is bound to give a constitutional provision its clearly apparent meaning.

7. SAME—DISTRICT OR TERRITORY AFFECTED—MEANING.
   The apparent meaning of the words "district or territory affected" in section of constitution providing for submission of questions to voters would limit submission of referendum on township rural zoning ordinance to unincorporated territory outside of incorporated village, such unincorporated territory being a political subdivision (Const 1963, art 2, § 6; CLS 1961, § 125.282).

8. TOWNSHIPS — ZONING   ORDINANCE — REFERENDUM — PETITION — FORM.
   Form of petition requesting referendum on township rural zoning ordinance of municipal corporation authorized by statute, is not governed by section of election laws which prescribes form of petition for initiation of constitutional amendment or legislation or referendum of legislation passed by State legislature (CLS 1961, § 125.282; § 168.482, as amended by PA 1965, No 312).

9. SAME—ZONING ORDINANCE—REFERENDUM—RESOLUTION—FORM.
   Resolution of township board providing for submission of question of repeal of part of township rural zoning ordinance at election is not inadequate because of failure to conform to prayer of petition requesting referendum.

10. SAME—ZONING ORDINANCE—REFERENDUM—RESOLUTION—FORM.
    Resolution of township board providing for submission of question of repeal of part of township rural zoning ordinance at election is not required to specify the persons entitled to vote, and statute providing that election inspectors shall not receive the votes of unregistered voters has no application to its form (CLS 1961, § 168.491).

11. COURTS—PETITIONS FOR REFERENDUM OF ZONING ORDINANCE.
    Trial court, in applying the law as properly interpreted to the facts, and finding petitions for referendum of township rural

zoning ordinance valid, did not exercise legislative power contrary to section of constitution governing place and manner of elections (Const 1963, art 2, § 4).

12. Townships—Zoning Ordinance—Referendum—Petitions—Signatures.

The method of determining the number of signatures necessary on petitions requesting referendum of township rural zoning ordinance pursuant to statute is not governed by constitutional provision relating to initiative and referendum with respect to State legislation (Const 1963, art 2, § 9; CLS 1961, § 125.282).

13. Same — Zoning   Ordinance — Referendum — Petitions — Signatures.

Petitions for referendum of amendment to township rural zoning ordinance satisfied authorizing statute so far as number of signatures were concerned, where more than 15% of the persons residing in and owning property assessed for taxes located in the political subdivision involved signed the petitions (CLS 1961, § 125.282).

14. Costs—Public Question—Referendum on Zoning Ordinance.

No costs are allowed on appeal from trial court's determination that statute providing for referendum election to repeal part of township rural zoning ordinance is constitutional, a public question being involved (CLS 1961, § 125.282).

Appeal from Oakland; Moore (Arthur E.), J. Submitted Division 2 October 5, 1966, at Lansing. (Docket No. 2,211.)   Decided December 22, 1966. Leave to appeal granted by Supreme Court February 27, 1967.   See 378 Mich 751, 380 Mich 39.

Complaint by Anthony Renne against Oxford Township and Lee Valentine, Nina Chamberlain, Loella Francis, William Offer and Harold Albertson, members of the township board, to restrain holding of a referendum election on a township zoning ordinance.   Judgment for defendants.   Plaintiff appeals.   Affirmed.

*Anthony Renne, in propria persona,* for plaintiff.

*Paul M. Mandel,* for defendant township.

Quinn, P. J. Plaintiff filed complaint to restrain defendants from holding a referendum election April 11, 1966, on an amendment to the zoning ordinance of Oxford township for the reasons that the statute providing for the referendum was unconstitutional, qualified electors entitled to vote on the question were precluded from voting, and that the petitions filed to initiate the referendum were insufficient. The trial court denied the relief sought, but limited the vote at the election to registered voters. Plaintiff appeals.

The facts are not in dispute. Plaintiff sought and obtained rezoning of land owned by him in defendant township from agricultural to commercial 1 to permit a mobile home park. The township board enacted the amendment required to accomplish this rezoning December 8, 1965. January 5, 1966, petitions[1] signed by more than 15% of the persons residing in and owning property assessed for taxes located in the unincorporated portion of the township requesting submission of the amendment for approval or rejection by the "persons residing in and owning property assessed for taxes in the unincorporated portion of the township" were filed with the township board pursuant to CLS 1961, § 125.282[2] (Stat Ann 1965

---

[1] The heading of said petitions so far as pertinent to decision reads as follows: "We, the undersigned persons residing in and owning property assessed for taxes located in the unincorporated portion of Oxford township, Oakland county, Michigan, petition for the submission to the persons residing in and owning property assessed for taxes in the unincorporated portion of said township for their approval or rejection at the next regular township election or a special election called for that purpose."

[2] That part of the statute pertinent to decision reads as follows: "Within 30 days following the passage by the township board or its rejection of such zoning ordinance, a petition signed by 15% of the persons residing in and owning property assessed for taxes located in the unincorporated portion of the township may be filed with the township clerk praying therein for the submission of such ordinance to the *electors* residing in the unincorporated portion of the township for their approval or rejection. Upon the filing of such petitions, any ordinance passed by the township board shall not be invalidated until the same shall have been rejected by a

Cum Supp § 5.2963[12]). The election here sought to be restrained was ordered by the township board by resolution on January 12, 1966.

Plaintiff contends the statute violates Const 1963, art 2, § 1, because the qualification "a majority of the persons residing in and owning property assessed for taxes" offends the qualification of voter provison of article 2, § 1. This argument is possible because section 125.282, *supra,* first speaks of submission to the *electors* and then refers to a majority "of the persons residing in and owning property assessed for taxes" with reference to invalidating the ordinance. Two rules of construction preclude our acceptance of this argument and require affirmance of the ruling of the trial court that the statute is constitutional, except for that part which appears to restrict the vote to "persons owning property assessed for taxes"; this restriction is unconstitutional. If a legislative enactment is of such character that it is subject to differing interpretations, one of which would result in the act being held unconstitutional and the other permitting its being upheld as valid, the latter alternative will be accepted. *State Bar of Michigan* v. *City of Lansing* (1960), 361 Mich 185. Words and clauses in different parts of a statute must be read so as to harmonize with the subject matter and general purpose of the statute. If the general meaning and object of the statute can be found inconsistent with the literal import of any particular clause or section, such clause or section must, if possible, be construed according to that purpose. *Heckathorn* v. *Heckathorn* (1938), 284 Mich 677.

By taking the last sentence of Const 1963, art 2, § 6, which reads, "All electors in the district or

majority of the persons residing in and owning property assessed for taxes located in the unincorporated portion of the township voting thereon."

territory affected may vote on all other questions,"
and applying it to section 125.282, *supra,* plaintiff
next argues that by restricting the right to vote
to those within the unincorporated portion of Oxford
township, the statute offends article 2, § 6, because
the district or territory affected by the vote is some-
thing other than the area within the boundaries
of the political subdivision. The whole of section
6 reads as follows:

"Whenever any question is required to be sub-
mitted by a political subdivision to the electors for
the increase of the ad valorem tax rate limitation
imposed by section 6 of article 9 for a period of
more than 5 years, or for the issue of bonds, only
electors in, and who have property assessed for any
ad valorem taxes in, any part of the district or
territory to be affected by the result of such election
or electors who are the lawful husbands or wives
of such persons shall be entitled to vote thereon.
All electors in the district or territory affected may
vote on all other questions."

Read as a whole, the apparent meaning of "district
or territory affected" is clearly "political subdivi-
sion." We are bound to give it this clearly apparent
meaning. *People* v. *Board of State Canvassers*
(1949), 323 Mich 523.

We believe the analysis of the meaning of the
phrase "district or territory" in the preceding para-
graph obviates discussion of plaintiff's second con-
tention that such phrase means something other than
political subdivision and hence, electors outside that
subdivision are entitled to vote at the referendum
election.

Finally, plaintiff contends the petitions initiating
the referendum are insufficient for the following
reasons:

1. They fail to follow the form prescribed by CLS
1961, § 168.482, as amended by PA 1965, No 312

(Stat Ann 1965 Cum Supp § 6.1482). A cursory glance at this statute indicates it governs the form of petitions for initiation of amendment to the Constitution, or legislation by the State legislature, or referendum on legislation passed by the State legislature; it has no application to the case before us. The form of the petitions substantially follows the form prescribed by the authorizing statute, and we find them sufficient in this respect.

2. The resolution authorizing the vote does not conform to the prayer of the petitions nor does it specify the persons entitled to vote, in violation of CLS 1961, § 168.491 (Stat Ann 1956 Rev § 6.1491). What this proposition has to do with the sufficiency of petitions is beyond us, but suffice it to say that we find the resolution adequate and the statute inapplicable.

3. The ruling of the court, in regard to the petitions, amounts to an exercise of legislative power by the court, contrary to Const 1963, art 2, § 4. There was no judicial legislation here. The trial judge merely applied the law, as properly interpreted by him, to the facts and found the petitions valid.

4. The method of determining the number of signatures necessary on the initiating petitions was contrary to Const 1963, art 2, § 9. The constitutional reference has no application to the case before us; it applies at the State level. It is not disputed that more than 15% of the persons residing in and owning property assessed for taxes located in the political subdivision involved signed the petitions and the authorizing statute was satisfied.

Affirmed, but without costs, a public question being involved.

N. J. KAUFMAN and McGREGOR, JJ., concurred.