RENNE v. OXFORD TOWNSHIP.

OPINION OF THE COURT.

1. ELECTIONS—CONSTITUTION.

The Constitution permits all electors in a district or territory to vote on all questions affecting their district or territory except for increasing the ad valorem tax rate limitation (Const 1963, art 2, § 6).

2. CONSTITUTIONAL LAW—DISTRICT OR TERRITORY AFFECTED—MEANING.

The words "district or territory affected" coupled with "all electors" and "all other questions" as used in the constitutional provision on ad valorem tax rate *held*, not to conclusively mean political subdivision, but may in some circumstances render electors eligible to vote upon a question shown as affecting the district or territory in which they reside, even though they do not reside in the specific political subdivision which has initiated the election in question (Const 1963, art 2, § 6).

3. TOWNSHIPS—ZONING ORDINANCE—ELECTORS ENTITLED TO VOTE ON REFERENDUM.

Electors residing in incorporated village were not entitled to vote at referendum election on a township zoning ordinance which affected only the unincorporated portion of the township, where electors in the unincorporated portion initiated the petition for election and there is no showing that electors residing in the village were electors in the district or territory affected (Const 1963, art 2, § 6; CLS 1961, § 125-.282).

REFERENCES FOR POINTS IN HEADNOTES

[1, 11] 28 Am Jur, Initiative, Referendum and Recall § 8 *et seq.*
[2, 3, 5, 8, 9, 12] 25 Am Jur 2d, Elections § 12 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 1009.
[6] 16 Am Jur 2d, Constitutional Law § 494 *et seq.*; 50 Am Jur, Statutes § 49 *et seq.*
[7] 16 Am Jur 2d, Constitutional Law § 88.
[10] 25 Am Jur 2d, Elections § 58 *et seq.*

4. COSTS—PUBLIC QUESTION—CONSTRUCTION OF CONSTITUTION.

No costs are allowed on appeal where Supreme Court interpreted words of the Constitution, a public question being involved.

SEPARATE OPINION.

BRENNAN, J.

5. ELECTIONS—WORDS AND PHRASES—DISTRICT OR TERRITORY AFFECTED—POLITICAL SUBDIVISION.

Interpretation of words "district or territory affected", as used in provision of Constitution specifying which electors may vote at election on questions other than ad valorem tax rates and bond issues, to mean "political subdivision" held, error, since the unincorporated portion of a township is not a political subdivision but a portion of a political subdivision (Const 1963, art 2, § 6).

6. STATUTES—CLASSIFICATION.

The legislature's determination that electors of a part of a political subdivision are the only ones who should vote on a certain issue, if a reasonable classification, should be upheld (Const 1963, art 2, § 6).

DISSENTING OPINION.

T. M. KAVANAGH, SOURIS, and ADAMS, JJ.

7. CONSTITUTIONAL LAW—CONSTRUCTION OF CONSTITUTION—CONVENTION DEBATES—INTENT.

Courts may properly resort to the constitutional convention debates explaining changes made in a new Constitution for the purpose of ascertaining the intent of provisions of the Constitution.

8. ELECTIONS—ELECTORS—QUALIFICATIONS—REFERENDUMS.

Every citizen of the United States who has attained the age of 21, who has resided in this State 6 months, and within a city or township 30 days, meets requirements of local residence provided by law, and is an elector qualified to vote on referendums concerning zoning ordinances (Const 1963, art 2, §§ 1, 6).

9. TOWNSHIPS—ZONING—ELECTIONS.

The territory taken into a village when the village is incorporated is not separated from the township, but remains part thereof and is subject to taxation therein, and its residents are electors thereof.

10. ELECTIONS—ELECTORS—QUALIFICATION.

*A qualified elector is any person who possesses the qualifications of an elector as prescribed in the Constitution and who has resided in the city or township 30 days, therefore the electors of a village by virtue of their qualifications as electors of the township, having resided in the township 30 days, are eligible to vote in all elections not excepted by the Constitution (Const 1963, art 2, § 6; CLS 1961, § 168.10, as amended by PA 1963 [2d Ex Sess], No 3).*

11. SAME—CONSTITUTIONAL RESTRICTION—REFERENDUM.

*Constitutional provision restricting right to vote on increasing ad valorem tax rate limitation and issue of bonds to electors having certain qualifications, and providing that all electors in district or territory affected may vote on all other questions refers in both parts only to increases in ad valorem tax rate limitations and bond issues, and does not apply to a zoning case (Const 1963, art 2, § 6).*

12. SAME—ELECTORS—CONFLICT BETWEEN STATUTE AND CONSTITUTION.

*Statutory provision limiting voting on zoning ordinance amendments to persons residing in and owning property assessed for taxes located in the unincorporated portion of the township held, unconstitutional, since it conflicts with the constitutional provision that the legislature shall define residents for voting requirements and the legislative definition (Const 1963, art 2, § 1; CLS 1961, § 125.282; § 168.10, as amended by PA 1963 [2d Ex Sess], No 3).*

Appeal by leave granted from Court of Appeals, Division 2; Quinn, P. J., and N. J. Kaufman, and McGregor, JJ., affirming Oakland, Moore (Arthur E.), J. Submitted October 4, 1967. (Calendar No. 12, Docket No. 51,680.) Decided February 9, 1968. Rehearing denied May 6, 1968.

5 Mich App 415, affirmed.

Complaint by Anthony Renne against Oxford Township and Lee Valentine, Nina Chamberlain, Loella Francis, William Offer, and Harold Albertson, members of the township board, to restrain holding of a referendum election on a township

zoning ordinance.  Judgment for defendants.  Plaintiff appealed to Court of Appeals.  Affirmed.  Plaintiff appeals by leave granted.  Court of Appeals affirmed.

*Anthony Renne, in propria persona.*

*Paul M. Mandel,* for defendants.

*Amicus Curiae:* Bell Development Company, by *Gordon E. Gable* (*Clan Crawford, Jr.,* of counsel).

PER CURIAM.  Leave to review the decision below (5 Mich App 415) was granted to consider the possibly too broad conclusion of Division 2 that (p 420) "Read as a whole, the apparent meaning of 'district or territory affected' is clearly 'political subdivision'."  The quoted words appear in section 6 of article 2 of the Constitution of 1963:

"Sec. 6.  Whenever any question is required to be submitted by a political subdivision to the electors for the increase of the ad valorem tax rate limitation imposed by section 6 of article 9 for a period of more than five years, or for the issue of bonds, only electors in, and who have property assessed for any ad valorem taxes in, any part of the district or territory to be affected by the result of such election or electors who are the lawful husbands or wives of such persons shall be entitled to vote thereon.  All electors in the district or territory affected may vote on all other questions."

The phrase, "district or territory affected," coupled as it is in the last sentence with "all electors" and "all other questions," may in conceivable circumstances render electors eligible to vote upon a question shown as affecting the district or territory in which they reside, even though they do not

reside in the specific political subdivision which, as here, has initiated the election in question. It turns out, however, that this plaintiff made no such suppositious case. An examination of the complete transcript of proceedings in circuit discloses that plaintiff, along with the defendants and intervening parties, definitely assured the trial judge that no facts were in dispute. The hearing accordingly proceeded upon the pleadings and disclosed legal issues, and resulted in a judgment denying the injunctive relief sought by plaintiff.

We hold that plaintiff has made no showing that any elector or electors residing in the village of Oxford, distinguished from the electors of the unincorporated part of the township, were "electors in the district or territory affected." Such failure of proof both warranted and required holding that plaintiff was not by section 6 entitled to restrain the election which the "electors residing in the unincorporated portion of the township" had initiated pursuant to section 12 of the township rural zoning act* (CLS 1961, § 125.282 [Stat Ann 1965 Cum Supp § 5.2963(12)]). They, the electors so residing, were on the face of the pleadings and submissions of the parties the only eligible voters at such election. The panel below was right in so holding.

None of the other questions considered in the opinion of the panel has been submitted here, all parties in this Court having confined themselves to the issue of applicability of said section 6.

Affirmed. No costs.

DETHMERS, C. J., and KELLY, BLACK, O'HARA, and BRENNAN, JJ., concurred.

---

* PA 1943, No 184.—REPORTER.

BRENNAN, J. *(concurring in affirmance)*. I concur in the result reached by the Court in this case. For myself, however, I voted to grant leave to appeal because of the unfortunate language of the Court of Appeals that the "district or territory affected" clearly means "political subdivision." The unincorporated portion of a township is not a political subdivision any more than would be the unincorporated portion of a county. The unincorporated portion of a township is a portion of a political subdivision. In my view, if the legislature determines that the electors of a part of a political subdivision are the only ones who should vote on a certain issue, and if that classification is constitutionally reasonable, that legislative determination should be upheld by this Court.

T. M. KAVANAGH, J. *(dissenting)*. Plaintiff filed a complaint in circuit court to restrain defendants from holding a referendum election on an amendment to the zoning ordinance of Oxford township. The trial court denied the relief sought. Plaintiff appealed to the Court of Appeals, which affirmed the trial court. (5 Mich App 415.) This Court granted leave to appeal.

The facts in this case are that plaintiff obtained rezoning of certain lands he owned in defendant township. The zoning was changed from agricultural to commercial to permit construction of a mobile home park. The township board enacted the amendment to the zoning ordinance on December 8, 1965. On January 5, 1966, petitions signed by more than 15% of the persons residing in and owning property assessed for taxes located in the unincorporated portion of the township were filed with the township board requesting submission of the amendment for approval or rejection by the persons residing in and owning property assessed for

taxes in the unincorporated portion of Oxford township. The election sought to be restrained by plaintiff was ordered by the township board by resolution on January 12, 1966.

Plaintiff contends the township rural zoning act[1] is unconstitutional because it is contrary to the provision of Const 1963, art 2, § 6, which reads:

"Whenever any question is required to be submitted by a political subdivision to the electors for the increase of the ad valorem tax rate limitation imposed by section 6 of article 9 for a period of more than five years, or for the issue of bonds, only electors in, and who have property assessed for any ad valorem taxes in, any part of the district or territory to be affected by the result of such election or electors who are the lawful husbands or wives of such persons shall be entitled to vote thereon. All electors in the district or territory affected may vote on all other questions."

Plaintiff states the last sentence of section 6 provides that all the electors in the district or territory affected may vote in the referendum election on the amendment to the zoning ordinance. He argues the people in the township other than property owners living in the unincorporated portion thereof are people affected by the election and therefore may vote.

In determining the meaning of constitutional provisions, it is proper that we make reference to the constitutional debates. *Burdick* v. *Secretary of State* (1964), 373 Mich 578. From a reading of the debates of the Constitutional Convention of 1961, we find many discussions of the delegates concerning the overall effect of article 2, § 6. It was thought by many of the delegates that the property requirement therein should not be included in the new Con-

---

[1] CL 1948, § 125.271, *et seq.*, as amended (Stat Ann 1958 Rev and Stat Ann 1965 Cum Supp § 5.2963[1] *et seq.*).

stitution. It was this with which the debates were concerned.

Const 1963, art 2, § 6, originated as committee proposal 58f, which when passed by the committee of the whole, read in pertinent part as follows:

"All persons having the qualifications of electors may vote on all other questions involving an increase in any ad valorem tax rate and on borrowing by this state." (2 Official Record, Constitutional Convention 1961, p 2899.)

This proposal was revised by the committee on style and drafting and reported to the convention on May 7, 1962, and read in pertinent part as follows:

"All electors in the district or territory affected may vote on all other questions." (2 Official Record, Constitutional Convention 1961, p 3049.)

We find this same wording in the Constitution as adopted.

The delegates intended section 6 to be read as a whole. Both sentences concern ad valorem tax rate limitations and the issuance of bonds in the territory in which the property to be taxed is located. To hold otherwise would make the last sentence of article 2, § 6 redundant and in conflict with the express provisions of article 2, § 1.

We hold that since section 6 concerns itself only with increases of ad valorem tax limitations and bond issues, it does not apply to a zoning case. Therefore, we need not concern ourselves with the lack of proof as to whether electors within the village were affected by the amendment to the zoning ordinance.

. Const 1963, art 2, § 1, reads as follows:

"Every citizen of the United States who has attained the age of 21 years, who has resided in

this state six months, and *who meets the requirements of local residence* provided by law, shall be an elector and qualified to vote in any election *except as otherwise provided in this constitution.* The legislature shall define residence for voting purposes." (Emphasis supplied.)

Looking to the other portions of the Constitution to determine whether it is "otherwise provided" that an elector is not qualified to vote, we find the only exceptions in section 6 of article 2. There are no provisions restricting the voting franchise on referendums concerning zoning ordinances.

Article 2, § 1, provides that the legislature shall define residence for voting purposes. Looking to the Michigan election law—PA 1954, No 116[2]—we find the residence requirements. Section 10[3] reads as follows:

"The term 'qualified elector', as used in this act, shall be construed to mean any person who possesses the qualifications of an elector as prescribed in section 1 of article 2 of the State Constitution and *who has resided in the city or township 30 days.*" (Emphasis supplied.)

This Court held in *Bray* v. *Stewart* (1927), 239 Mich 340, 344:

"The territory taken into the village when incorporated is in no way separated from the township. It still remains a part thereof, is subject to taxation therein, and its residents are electors thereof."

Justice BLACK, writing for this Court, in *Taylor* v. *Township of Dearborn* (1963), 370 Mich 47, 50, recognized this statement and quoted it in a footnote. See, also, to the same effect, *Village of DeWitt* v. *Township of DeWitt* (1929), 248 Mich 483.

---

[2] CLS 1961, § 168.1 *et seq.*, as amended (Stat Ann 1956 Rev and Stat Ann 1965 Cum Supp § 6.1001 *et seq.*).
[3] Section 10 as amended by PA 1963 (2d Ex Sess), No 3.

We hold that by virtue of the provisions of article 2, § 1, and the implementing legislation, the electors of the village of Oxford by virtue of their qualifications as electors of the township, having resided in the township 30 days, are eligible to vote in all elections save the exceptions in article 2, § 6.

We now turn to the provisions of the township rural zoning act, as amended. Pursuant to section 12 thereof, as amended by PA 1961, No 225,[4] only those persons residing in and owning property assessed for taxes located in the unincorporated portion of the township may sign the petition or vote for approval or rejection of zoning ordinance amendments. These provisions are clearly in conflict with Const 1963, art 2, § 1, and the residency requirements defined by the legislature pursuant to that section.

We therefore hold that section 12 of the township rural zoning act, insofar as it limits voting only to those persons residing in and owning property assessed for taxes located in the unincorporated portion of the township, is unconstitutional.

The order of the Court of Appeals affirming the lower court should be reversed and the case remanded to the trial court for entry of a judgment in accordance with this opinion.

Plaintiff should have costs.

Souris and Adams, JJ., concurred with T. M. Kavanagh, J.

---

[4] CLS 1961, § 125.282 (Stat Ann 1965 Cum Supp § 5.2963[12]).