VAN HORN v CHINA TOWNSHIP CLERK

Docket No. 128205. Submitted June 25, 1992, at Lansing. Decided August 18, 1992, at 9:10 A.M. Leave to appeal sought.

Alton J. Van Horn and others brought an action in the St. Clair Circuit Court against the China Township Clerk and others, seeking a writ of mandamus compelling the defendants to include in the ballot of the next general or special election a referendum on the proposed incorporation of China Township as a charter township. The court, James T. Corden, J., granted summary disposition for the defendants, ruling that they correctly declined to hold a referendum on the ground that some of the petitions for referendum submitted by the plaintiffs did not comply with the requirements of MCL 168.544c; MSA 6.1544(3), the provision of the Election Law governing nominating petitions. The plaintiffs appealed.

The Court of Appeals *held:*

The plaintiffs' petitions were circulated pursuant to, and meet the requirements of, the charter township act, MCL 42.3a(4); MSA 5.46(3a)(4), which governs petitions for referendum on incorporation as a charter township.

Reversed and remanded

ELECTIONS — CHARTER TOWNSHIP INCORPORATION — REFERENDUM.

A petition for a referendum on incorporation as a charter township is subject to the requirements of the charter township act, not the Election Law (MCL 42.3a, 168.544c; MSA 5.46[3a], 6.1544[3]).

*J. Martin Brennen, Jr.,* for the plaintiffs.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gail P. Massad*), for the defendants.

Before: HOLBROOK, JR., P.J., and WEAVER and McDONALD, JJ.

REFERENCES
Am Jur 2d, Initiative and Referendum §§ 7, 9.
See the Index to Annotations under Initiative and Referendum.

PER CURIAM. Plaintiffs appeal from an April 9, 1990, order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) in this action seeking a writ of mandamus and damages for defendants' failure to schedule a referendum on the question of township incorporation. We reverse.

In 1989, the board of supervisors of China Township, St. Clair County, adopted a resolution of intent to incorporate as a charter township. Pursuant to MCL 42.3a(2)(b); MSA 5.46(3a)(2)(b), plaintiffs circulated petitions of disagreement to place the question of incorporation before the township voters on a referendum ballot. Although plaintiffs timely submitted petitions containing a sufficient number of signatures to require that the question of incorporation be submitted at the next general or special election, the question was not placed on the November 1989 general election. The township board found four of the seven petitions submitted invalid because they allegedly failed to conform to statutory requirements. Specifically, the petitions were deemed invalid because both Alton Van Horn and his wife, Donna Van Horn, signed four of the petitions as "co-circulators."

Plaintiffs filed this action seeking a writ of mandamus and damages for the township's actions. The circuit court granted defendants' motion for summary disposition, finding the four contested petitions failed to comply with MCL 168.544c; MSA 6.1544(3), which governs the form and contents of nominating petitions circulated under the Election Law.

On appeal, plaintiffs claim the trial court erred in ruling the petitions invalid as petitions circulated under the authority of the general election law, MCL 168.544c(9); MSA 6.1544(3)(9), where the petitions were circulated pursuant to the authoriz-

ing statute for referendums on the incorporation of townships, MCL 42.3a; MSA 5.46(3a), rather than pursuant to the general election law. We agree with plaintiffs and find the petitions of disagreement valid under the authorizing statute for referendums on township incorporation, MCL 42.1 *et seq.*; MSA 5.46(1) *et seq.*

MCL 42.3a(4); MSA 5.46(3a)(4) provides:

> The petition under subsection (2)(b) shall be signed by not less than 10% of the number of electors of the township voting for township supervisor at the last election in which a supervisor was elected. The township clerk shall check the signatures on the petitions with those of the electors signing the petitions as they appear on the registration cards of the township. If petitions bearing the required number of signatures of electors have been filed, the clerk shall do and perform all acts required for the submission of the question of incorporation at the next general or special election. The wording of the ballot shall be in accordance with section 2.

There is no question that plaintiffs have met the requirements set forth for the circulation of the petitions authorized under this section. Because the petitions were circulated pursuant to this statute and not under the general election law, compliance with the authorizing statute is sufficient. *Renne v Oxford Twp,* 5 Mich App 415; 146 NW2d 819 (1966), aff'd on other grounds 380 Mich 39; 155 NW2d 852 (1968).

Reversed and remanded for further proceedings.