MERIDIAN CHARTER TOWNSHIP v INGHAM COUNTY CLERK

Docket No. 279459. Submitted December 2, 2008, at Lansing. Decided
September 22, 2009, at 9:00 a.m.

> Meridian Charter Township brought an action in the Ingham
> Circuit Court against the Ingham County Clerk, seeking de-
> claratory and injunctive relief with regard to an order entered
> by the clerk placing on the ballot at the next general election a
> referendum on whether to annex a parcel of property in the
> township to the city of East Lansing. The court, Joyce Dragan-
> chuk, J., denied the relief requested. Following the general
> election at which the annexation was approved, the court
> granted motions allowing Phillip M. Stevens, a qualified, regis-
> tered elector in the township, to intervene as a plaintiff and
> allowing White Family Properties, LLC, the owner of the parcel
> involved, and the city of East Lansing to intervene as defen-
> dants. The plaintiffs filed an amended complaint, alleging that
> the county clerk violated MCL 168.643a and 168.646a(2) by
> failing to adopt ballot language that was clear and adequately
> apprised voters of the subject matter of the annexation proposal
> and by failing to properly certify the ballot language. The
> plaintiffs also alleged that the provisions of MCL 42.34(5) are
> unconstitutional and advanced other theories seeking relief.
> The court granted summary disposition for the defendants and
> dismissed the plaintiffs' claims. The plaintiffs appealed.
>
> The Court of Appeals *held*:
>
> 1. The people, in ratifying Const 1963, art 2, § 6, were aware of
> the distinct meanings given to the terms "district" and "territory"
> in MCL 117.9(1) and intentionally used the phrase "district or
> territory affected" in Const 1963, art 2, § 6 to allow the Legislature
> to limit the electors permitted to vote on a proposed annexation to
> those in the territory affected, i.e., the portion of the township to
> be annexed.
>
> 2. Given that the fixing of municipal boundaries is a legislative
> function and the Legislature is permitted to change such bound-
> aries at will, with or without the consent of the electorate, it is
> constitutionally permissible for the Legislature to allow only
> qualified, registered electors living in the portion of the township

to be annexed to vote on a proposed annexation. MCL 42.34(5) does not violate the plaintiffs' right to vote under Const 1963, art 2, § 1.

3. The provisions of MCL 42.34(5) that permit the annexation of charter township property by separate majority votes of the qualified and registered electors living within the annexation area and eligible voters residing in the annexing city or village further the legitimate governmental interest of providing a means appropriate to the resolution of disagreements concerning annexation of territory to a city, and the classification imposed by the statute rationally relates to achieving that interest. The statute does not violate the constitutional guarantee of equal protection.

4. The provision in MCL 42.34(5), stating that a majority of the qualified and registered electors voting on the annexation question in the city or village to which the portion is to be annexed and the portion of the township that is to be annexed must approve the proposed annexation, does not impose an unlawful residency requirement for voting.

5. The provision in MCL 42.34(5) requiring a petition for annexation to be signed by 20 percent of the registered electors in the area to be annexed does not have the effect of permitting the petitioners to define residence for voting purposes.

6. The county clerk complied with the requirements of the Charter Township Act, MCL 42.1 *et seq.*, in determining the validity of the annexation petition and ordering a referendum on the question. The clerk was not required to comply with both the provisions of MCL 168.646a(2) of the Michigan Election Law, which provides certification procedures for ballot proposals in general, and the provisions of the Charter Township Act that specifically address annexations by petition and referendum. The more specific provisions contained in MCL 42.34(6) control over MCL 168.646a(2).

7. The ballot language was sufficient to apprise voters of the subject matter of the proposal. Any violation of the requirements for such language contained in MCL 168.643a was harmless.

Affirmed.

1. ELECTIONS — CONSTITUTIONAL LAW — WORDS AND PHRASES — DISTRICT — TERRITORY.

The terms "district" and "territory" in the phrase "district or territory affected" in Const 1963, art 2, § 6 have distinct meanings and are not interchangeable.

2. MUNICIPAL CORPORATIONS — BOUNDARIES.

> The fixing of municipal boundaries is a legislative function; the Legislature may change such boundaries at will, with or without the consent of the electorate.

3. ELECTIONS — CHARTER TOWNSHIPS — ANNEXATIONS — CONSTITUTIONAL LAW — RIGHT TO VOTE — DUE PROCESS.

> The provisions of the Charter Township Act that allow only qualified, registered electors living in the portion of a township that is to be annexed to vote on the proposed annexation, and that permit annexation by separate majority votes of the qualified and registered electors living within the annexation area and eligible voters residing in the annexing city or village, do not violate the constitutionally guaranteed right to vote or right to due process (Const 1963, art 2, §§ 1 and 6; MCL 42.34[5]).

4. ELECTIONS — CHARTER TOWNSHIPS — ANNEXATIONS — RESIDENCY REQUIREMENTS.

> The provision of the Charter Township Act stating that a majority of the qualified and registered electors voting on an annexation question in the city or village to which the portion of the township is to be annexed and the portion of the township that is to be annexed must approve the proposed annexation does not impose an unlawful residency requirement to vote on the annexation question (MCL 42.34[5]).

5. ELECTIONS — CHARTER TOWNSHIPS — ANNEXATIONS — CERTIFICATION PROCEDURES.

> The specific provisions of the Charter Township Act concerning the certification procedures pertaining to annexations by petition and referendum control over the certification procedures for ballot proposals in general contained in the Michigan Election Law when there is a conflict between the two provisions (MCL 42.34[6], 168.646a).

*Hubbard, Fox, Thomas, White & Bengtson, P.C.* (by *Michael G. Woodworth, Andria M. Ditschman,* and *Mark T. Koerner*), for Meridian Charter Township and Phillip M. Stevens.

*Cohl, Stoker, Toskey & McGlinchey, P.C.* (by *David G. Stoker* and *Timothy M. Perrone*), for the Ingham County Clerk.

*Fraser Trebilcock Davis & Dunlap, P.C.* (by *Brian P. Morley*), for White Family Properties, LLC.

*McGinty, Hitch, Housefield, Person, Yeadon & Anderson, P.C.* (by *Dennis E. McGinty*), for the city of East Lansing.

Amici Curiae:

*McClelland & Anderson, L.L.P.* (by *Gregory L. McClelland* and *David E. Pierson*), for the Michigan Association of Realtors and the Michigan Association of Home Builders.

*Bauckham, Sparks, Rolfe, Lohrstorfer & Thall, P.C.* (by *John H. Bauckham*), for the Michigan Townships Association.

Before: SAAD, C.J., and FITZGERALD and BECKERING, JJ.

PER CURIAM. This case involves the annexation of property in plaintiff, Meridian Charter Township, to the city of East Lansing, intervening defendant. Meridian Township and intervening plaintiff, Phillip M. Stevens, a qualified, registered elector in the township, appeal as of right the trial court's order denying their motion for summary disposition and granting summary disposition in favor of defendant, Ingham County Clerk, and intervening defendants, White Family Properties, LLC, and the city of East Lansing. We affirm.

I. FACTS AND PROCEDURAL HISTORY

In August 2006, Mike Bryanton, the Ingham County Clerk, received a petition for annexation of property in Meridian Township to East Lansing. The property is a 6.33-acre parcel owned by intervening defendant White Family Properties, LLC. After verifying the petition's

lone signature and finding the petition valid, Bryanton ordered a referendum on the question of the annexation at the next general election in November 2006. Meridian Township filed a complaint in the trial court requesting declaratory relief, injunctive relief, and an accelerated hearing. It alleged that the ballot language was not properly certified under MCL 168.646a(2) and the Charter Township Act (CTA), MCL 42.1 *et seq.*, particularly MCL 42.34(5), was unconstitutional to the extent that it barred qualified electors in the township affected by a proposed annexation from voting on the referendum. The township's requests were denied.

In accordance with MCL 42.34(6), a referendum on the question of the annexation was held at the general election. The annexation passed, with 6,824 electors in East Lansing voting "yes" and 3,975 voting "no." In the portion of Meridian Township to be annexed, the measure passed with a total of two votes being cast, both in favor of the annexation.

Plaintiffs filed a second amended complaint in December 2006, following an order permitting Stevens and East Lansing to intervene. In count I, plaintiffs alleged that Bryanton violated MCL 168.643a and 168.646a(2) by failing to adopt ballot language that was clear and adequately apprised voters of the subject matter of the annexation proposal and by failing to properly certify the ballot language. In count II, plaintiffs alleged several constitutional infirmities in MCL 42.34(5). Count III incorporated plaintiffs' claims to advance a quo warranto theory.

Plaintiffs filed a motion for summary disposition under MCR 2.116(C)(10), along with three supporting affidavits: the Meridian Township Manager averred that the annexation affected the entirety of the township, not simply the specific property to be annexed; the

Meridian Township Clerk averred that she did not prepare, approve, or certify the ballot language; and Stevens averred that he had an interest in the annexation and would have voted on it had MCL 42.34(5) not prohibited him from doing so. The trial court granted summary disposition to defendants under MCR 2.116(I)(2) and dismissed plaintiffs' claims. Plaintiffs now appeal as of right.

## II. STANDARDS OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo on the basis of the entire record to determine whether the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, we consider all the admissible evidence submitted by the parties in the light most favorable to the nonmoving party. *Maiden*, 461 Mich at 120; MCR 2.116(G)(6). Summary disposition should be granted only where the evidence fails to establish a genuine issue regarding any material fact. *Maiden*, 461 Mich at 120. Under MCR 2.116(I)(2), summary disposition is properly granted in favor of the nonmoving party if that party, rather than the moving party, is entitled to judgment. *DaimlerChrysler Corp v Wesco Distribution, Inc*, 281 Mich App 240, 245; 760 NW2d 828 (2008). "Questions of constitutional interpretation and statutory interpretation are questions of law reviewed de novo by this Court." *Dep't of Transportation v Tomkins*, 481 Mich 184, 190; 749 NW2d 716 (2008).

## III. THE CONSTITUTIONALITY OF MCL 42.34(5)

Plaintiffs argue that MCL 42.34(5) violates the due process and equal protection provisions of the United

States and Michigan constitutions by barring qualified electors in the township affected by a proposed annexation from voting on the annexation referendum, imposing on electors a residency requirement not constitutionally imposed, and delegating the Legislature's responsibility to determine residency for voting purposes to the petitioners seeking annexation. We disagree.

"[A] statute is presumed to be constitutional unless its unconstitutionality is clearly apparent." *McDougall v Schanz*, 461 Mich 15, 24; 597 NW2d 148 (1999). The presumption of constitutionality even justifies a construction that is against the natural interpretation of the statutory language, if necessary to uphold the law. *Lowe v Dep't of Corrections (On Rehearing)*, 206 Mich App 128, 137; 521 NW2d 336 (1994). The party challenging the constitutionality of the statute has the burden of proving its invalidity. *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*, 479 Mich 1, 11; 740 NW2d 444 (2007) (*In re 2005 PA 71*).

### A. VOTING RIGHTS GUARANTEES

According to plaintiffs, MCL 42.34(5) violates constitutional voting rights guarantees by permitting only qualified, registered electors in the portion of the township to be annexed, rather than all the qualified electors in the township, to vote on a proposed annexation. MCL 42.34(5) provides:

> Notwithstanding subsections (1) and (3), a portion of a charter township contiguous to a city or village may be annexed to that city or village upon the filing of a petition with the county clerk which petition is signed by 20% of the registered electors in the area to be annexed and approval by a majority of the qualified and registered electors voting

on the question in the city or village to which the portion is to be annexed, and the portion of the township which is to be annexed, with the vote in each unit to be counted separately.

Plaintiffs assert, contrary to the plain language of MCL 42.34(5), that all the qualified electors in the township are entitled to vote on a proposed annexation because a successful annexation would affect the entirety of the township. In so arguing, plaintiffs point to Const 1963, art 2, which provides, in relevant part:

Sec. 1. Every citizen of the United States who has attained the age of 21 years, who has resided in this state six months, and who meets the requirements of local residence provided by law, shall be an elector and qualified to vote in any election except as otherwise provided in this constitution. The legislature shall define residence for voting purposes.

* * *

Sec. 6. Whenever any question is required to be submitted by a political subdivision to the electors for the increase of the ad valorem tax rate limitation imposed by Section 6 of Article IX for a period of more than five years, or for the issue of bonds, only electors in, and who have property assessed for any ad valorem taxes in, any part of the district or territory to be affected by the result of such election or electors who are the lawful husbands or wives of such persons shall be entitled to vote thereon. All electors in the district or territory affected may vote on all other questions.

Specifically, plaintiffs argue that MCL 42.34(5) violates the directives in Const 1963, art 2, § 1 that "[e]very citizen of the United States" who satifies age and residency requirements "shall be an elector and qualified to vote in any election except as otherwise provided in this constitution," and Const 1963, art 2,

§ 6 that "[a]ll electors in the district or territory affected may vote" on all questions other than an increase of the ad valorem tax rate for more than five years or the issue of bonds. They argue that both provisions "liberally confer[] the right to vote" subject only to two narrow exceptions, neither of which is at issue here. Thus, according to plaintiffs, all qualified electors in the "district or territory affected" by a proposed annexation, including the entirety of the township, are entitled to vote on the referendum.

Plaintiffs rely on the Supreme Court's decision in *Renne v Oxford Twp*, 380 Mich 39; 155 NW2d 852 (1968), for the proposition that the phrase "district or territory affected" in Const 1963, art 2, § 6 includes the entirety of the township affected by a proposed annexation. In that case, the plaintiff obtained rezoning of property he owned in the defendant township. *Renne v Oxford Twp*, 5 Mich App 415, 418; 146 NW2d 819 (1966). After the township board enacted an amendment to the zoning ordinance to accomplish this rezoning, property owners residing in the unincorporated portion of the township filed petitions with the board requesting that the amendment be submitted "for approval or rejection by the 'persons residing in and owning property assessed for taxes in the unincorporated portion of the township,' " pursuant to MCL 125.282, repealed by 2006 PA 110. *Renne*, 5 Mich App at 418. The plaintiff filed a complaint in the trial court to restrain the township from holding a referendum election on the amendment. *Id.* The plaintiff argued that "by restricting the right to vote to those within the unincorporated portion of" the township, MCL 125.282 violated Const 1963, art 2, § 6 "because the district or territory affected by the vote is something other than the area within the boundaries of the political subdivision." *Renne*, 5 Mich App at 420. The trial court denied

the plaintiff relief. *Id.* at 418. The Court of Appeals affirmed the trial court, concluding that "the apparent meaning of 'district or territory affected' [in Const 1963, art 2, § 6] is clearly 'political subdivision.' " *Renne*, 5 Mich App at 420.

The Supreme Court granted leave to consider this Court's "possibly too broad conclusion" that the phrase "district or territory affected" in Const 1963, art 2, § 6 means "political subdivision." *Renne*, 380 Mich at 42. It stated that the phrase, "coupled as it is in the last sentence with 'all electors' and 'all other questions,' may in conceivable circumstances render electors eligible to vote upon a question shown as affecting the district or territory in which they reside, even though they do not reside in the specific political subdivision which, as here, has initiated the election in question." *Id.* at 42-43. Nonetheless, the Supreme Court affirmed the Court of Appeals, noting that the plaintiff made no showing that any electors residing outside the unincorporated portion of the township "were 'electors in the district or territory affected.' " *Id.* at 43. The Court held: "Such failure of proof both warranted and required holding that [the] plaintiff was not by section 6 entitled to restrain the election which the 'electors residing in the unincorporated portion of the township' had initiated pursuant to [MCL 125.282]. They, the electors so residing, were on the face of the pleadings and submissions of the parties the only eligible voters at such election." *Renne*, 380 Mich at 43.

Plaintiffs reason, pursuant to the Supreme Court's statements in *Renne*, that if the plaintiff in that case had presented evidence establishing that any electors residing outside the unincorporated portion of the township were "affected" within the meaning of Const 1963, art 2, § 6, those electors would have been entitled

to vote on the zoning amendment at issue. Plaintiffs further reason that because they have presented at least some evidence that a successful annexation would affect the entirety of the township from which property is to be annexed, this Court should find that all the electors living in the township are entitled to vote on the annexation. While we agree with plaintiffs that the Supreme Court's decision in *Renne* opened the door to interpreting the phrase "district or territory affected" to mean something other than "political subdivision," the Supreme Court did not address "the unique nature of annexation proceedings," *Midland Twp v State Boundary Comm*, 401 Mich 641, 664; 259 NW2d 326 (1977), or the constitutionality of MCL 42.34(5). Therefore, we cannot conclude, on the basis of the Supreme Court's statements in *Renne* alone, that this case qualifies as one of the "conceivable circumstances" when electors are eligible to vote on a question affecting "the district or territory in which they reside, even though they do not reside in the specific political subdivision [that] initiated the election in question." *Renne*, 380 Mich at 42-43.

Plaintiffs argue that, in addition to the Supreme Court's decision in *Renne*, the Home Rule City Act (HRCA), MCL 117.1 *et seq.*, establishes that the phrase "district or territory affected" includes the entirety of the township affected by a proposed annexation. Plaintiffs point to MCL 117.9(1), which states, in part: "The district to be affected by the proposed incorporation, consolidation, or change of boundaries is considered to include the whole of each city, village, or township from which territory is to be taken or to which territory is to be annexed." According to plaintiffs, because the HRCA was enacted in 1909, "the ratifiers of Michigan's present Constitution were aware and rightfully expected that incorporating the phrase 'district or terri-

tory affected' into Const 1963, art 2, § 6, would necessarily include the entirety of a township whose boundaries were proposed to be changed via a ballot proposal."[1]

We acknowledge that in interpreting constitutional provisions, this Court must "determine the text's original meaning to the ratifiers, the people, at the time of ratification." *Co Rd Ass'n of Michigan v Governor*, 474 Mich 11, 15; 705 NW2d 680 (2005) (citation and quotation marks omitted). Constitutional provisions are presumed to have been framed and adopted in accordance with the understanding of prior and existing law, and courts are bound to adhere to that understanding. *Richardson v Secretary of State*, 381 Mich 304, 311-312; 160 NW2d 883 (1968). Contrary to plaintiffs' argument, however, the Legislature did not use the terms "district" and "territory" interchangeably in MCL 117.9(1). In the version of MCL 117.9(1) in effect in 1963, and the current version of the statute, the Legislature used the term "district" to describe the larger political subdivision, i.e., "the whole of each city, village, or township," from which property is to be taken or to which property is to be annexed, and the term "territory" to describe the property to be taken. Given the distinct meanings of these two terms in MCL 117.9(1), plaintiffs' assertion that the ratifiers of Michigan's constitution intended the phrase "district or territory affected" in Const 1963, art 2, § 6 to mean "the entirety of a township whose boundaries were proposed to be changed" fails. Instead, we must conclude that the ratifiers were aware of the terms' distinct meanings and intentionally used the

---

[1] At the time the constitution was ratified in 1963, MCL 117.9(1) stated, in pertinent part: "The district to be affected by every such proposed incorporation, consolidation or change of boundaries shall be deemed to include the whole of each city, village or township from which territory is to be taken or to which territory is to be annexed[.]"

phrase "district *or* territory affected" (emphasis added). "The literal meanings of the terms 'and' and 'or' should be followed if they do not render the statute [or constitutional provision] dubious." *White v Harrison-White*, 280 Mich App 383, 389; 760 NW2d 691 (2008). The ratifiers' use of the term "or" in Const 1963, art 2, § 6 allows the Legislature to limit the electors permitted to vote on a proposed annexation to those in the territory affected, i.e., the portion of the township to be annexed.

Plaintiffs argue that MCL 42.34(5) violates not only Const 1963, art 2, § 6, but the "liberally conferred" right to vote in Const 1963, art 2, § 1 as well. But the right to vote is not unfettered. As our Supreme Court explained in *In re 2005 PA 71*, 479 Mich at 16, "[T]he right to vote is an implicit fundamental political right that is preservative of all rights. . . . [A] citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction. However, [the] equal right to vote is not absolute . . . ." (Citations and quotation marks omitted.) For example, "[b]alanced against a citizen's 'right to vote' are the constitutional commands given by the people of Michigan to the Legislature in Const 1963, art 2, § 4," to " 'regulate the time, place and manner of all nominations and elections,' " " 'preserve the purity of elections,' " " 'preserve the secrecy of the ballot,' " " 'guard against abuses of the elective franchise,' " and " 'provide for a system of voter registration and absentee voting.' " *In re 2005 PA 71*, 479 Mich at 16-17 (emphasis omitted).

In regard to annexations, in *Midland Twp*, 401 Mich at 664, our Supreme Court stated that the "Legislature is free to change city, village and township boundaries at will," and, pursuant to the United States Supreme Court's decision in *Hunter v Pittsburgh*, 207 US 161; 28

S Ct 40; 52 L Ed 151 (1907), that the Legislature could constitutionally change such boundaries without an election. Our Supreme Court further explained in *Shelby Charter Twp v State Boundary Comm*, 425 Mich 50, 56 n 3; 387 NW2d 792 (1986):

> The fixing of municipal boundaries is generally considered to be a legislative function. In this State the power vested in the legislature to provide for incorporation of cities and villages is in no way limited by Constitution (art 8, §§ 20, 21) (home rule amendment), and the power conferred on the legislature by the Constitution (art 8, § 20) to provide by general law for incorporation of cities and villages includes change of boundaries when needed. In the absence of constitutional inhibition the legislature may submit the determination of boundaries to courts, or to municipal authorities, or to the qualified electors.
>
> The changing of the boundaries of political divisions is a legislative question, and the power to annex territory to municipalities has often been delegated to boards of supervisors or other public bodies. [Citations omitted.]

Given that the fixing of municipal boundaries is a legislative function and the Legislature is permitted to change such boundaries at will, with or without the consent of the electorate, it is constitutionally permissible for the Legislature to allow only qualified, registered electors living in the portion of the township to be annexed to vote on a proposed annexation. MCL 42.34(5) does not violate plaintiffs' right to vote under Const 1963, art 2, § 1.

### B. EQUAL PROTECTION GUARANTEES

Plaintiffs next argue that by permitting only qualified, registered electors living in the portion of the township to be annexed to vote on a proposed annexation, MCL 42.34(5) violates constitutional equal protection guarantees. According to plaintiffs, because a

successful annexation would affect the entirety of the township, there is no rational basis for prohibiting some of the township's residents—those residing outside the portion of the township to be annexed—from voting on a proposed annexation.

In *Bloomfield Charter Twp v Oakland Co Clerk*, 253 Mich App 1, 31-32; 654 NW2d 610 (2002) (citations omitted), this Court stated:

> We note initially with respect to the township's equal protection argument that the township has failed to demonstrate that it or its residents possessed a property or liberty interest that was affected by the annexation of charter township property pursuant to MCL 42.34(5). "No city, village, township or person has any vested right or legally protected interest in the boundaries of such governmental units." " 'The fixing of municipal boundaries is generally considered to be a legislative function.' "
>
> Moreover, the annexation referendum provisions within MCL 42.34(5) further a legitimate governmental interest and rationally relate to achieving the interest. In *Midland Twp*, *supra* at 666, the Supreme Court considered a township's assertion that "it is violative of the Equal Protection Clause to provide for a referendum where more than 100 persons reside in the territory to be annexed and deny a referendum where 100 persons or fewer reside in the territory." The Supreme Court rejected the equal protection claim on the basis that "the challenged classification bears a substantial relation to the object of the legislation: providing a means appropriate to the resolution of disagreements concerning annexation of territory to a city." We find that the same rational purpose supports the Legislature's decision to permit within MCL 42.34(5) annexation of charter township property by separate majority votes of the qualified and registered electors living within the annexation area and eligible voters residing in the annexing city or village.[12]

_____

[12] ... The final version of the provision that became current subsection 34(5) represented a legislative compro-

mise between an interest in protecting charter townships from annexations and the competing concerns, among others, that "such a strong shield against annexations was not good public policy" and that the initial version of what became subsection 34(5), "essentially gave charter townships a veto power over all annexations of their territory, even in cases in which the majority of electors in the city seeking to annex, and in the territory proposed to be annexed, voted in favor of the annexation." The legislative history chronicled in *Shelby Charter Twp*, *supra* at 61-69, supports our conclusion that MCL 42.34(5) represents "a means appropriate to the resolution of disagreements concerning annexation of territory to a city."

Pursuant to this Court's conclusion in *Bloomfield Charter Twp*, that MCL 42.34(5) furthers a legitimate governmental interest and the classification imposed by the statute rationally relates to achieving that interest, plaintiffs' equal protection claim fails.

## C. RESIDENCY REQUIREMENTS

Plaintiffs argue that MCL 42.34(5) imposes on electors a residency requirement not constitutionally imposed and delegates the Legislature's responsibility to determine residency for voting purposes to the private individuals seeking annexation. We disagree. Const 1963, art 2, § 1 states that the "legislature shall define residence for voting purposes." The Legislature has met this burden by enacting MCL 168.10, which defines a "qualified elector" as "any person who possesses the qualifications of an elector as prescribed in section 1 of article 2 of the state constitution and who has resided in the city or township 30 days." The Legislature has also defined "residence," which "for registration and voting purposes means that place at which a person habitually sleeps, keeps his or her personal effects and has a regular place of lodging." MCL 168.11(1). In MCL

42.34(5), the Legislature addressed annexation questions in particular, stating that "a majority of the qualified and registered electors voting on the question in the city or village to which the portion is to be annexed, and the portion of the township which is to be annexed," must approve a proposed annexation. This provision does not impose a residency requirement that the Legislature was not authorized to impose. Further, while MCL 42.34(5) requires a petition "signed by 20% of the registered electors in the area to be annexed" to be filed with the county clerk, the statute does not permit the petitioners to "define residence for voting purposes." The petitioners simply define the area to be annexed and, pursuant to the Legislature's directive in MCL 42.34(5), any qualified and registered electors in that area may vote on the proposed annexation.

### IV. BRYANTON'S ALLEGED VIOLATIONS OF THE MICHIGAN ELECTION LAW

Plaintiffs further argue that Bryanton violated MCL 168.643a and 168.646a(2) by failing to adopt ballot language that clearly identified the property to be annexed and to properly certify the ballot language. Again, we disagree.

#### A. CERTIFYING THE BALLOT LANGUAGE

Defendants assert, and plaintiffs concede, that the annexation petition at issue was filed pursuant to § 34 of the CTA, MCL 42.34. Defendants further assert, and we agree, that Bryanton complied with the CTA's requirements for determining the validity of the annexation petition and ordering a referendum on the question of the annexation. MCL 42.34(6) provides:

> If a petition is filed as provided in subsection (5), the county clerk, after determining the validity of the petition,

shall order a referendum on the question of annexation. This referendum shall occur within 1 year after the validation of the petitions. The referendum shall be held at the first primary or general election held in that county not less than 60 days after the validation of the petition, or in compliance with the Michigan election law, 1954 PA 116, MCL 168.1 to 168.992.

Bryanton received the annexation petition on August 10, 2006. In a letter dated September 8, 2006, Bryanton informed the Meridian Township Clerk and East Lansing City Clerk that he had found the petition to be valid. Bryanton further stated that he had ordered a referendum on the question of the annexation at the general election scheduled for November 7, 2006, 60 days later. In determining the validity of the annexation petition and ordering a referendum at the next general election "not less than 60 days after the validation," Bryanton complied with the requirements of MCL 42.34(6).

Plaintiffs argue, however, that Bryanton violated MCL 168.646a(2), a subsection of the Michigan Election Law, MCL 168.1 *et seq.*, by failing to certify the ballot language at least 70 days before the election. MCL 168.646a(2) provides:

> If a local, school district, or county ballot question is to be voted on at a regular election date or special election, the ballot wording of the ballot question shall be certified to the local or county clerk at least 70 days before the election. If the wording is certified to a clerk other than the county clerk, the clerk shall certify the ballot wording to the county clerk at least 68 days before the election. Petitions to place a county or local ballot question on the ballot at the election shall be filed with the clerk at least 14 days before the date the ballot wording must be certified to the local clerk.

While we agree with plaintiffs that Bryanton failed to comply with the certification procedure outlined in MCL 168.646a(2), we are not persuaded that he was

required to do so. MCL 42.34(6) specifically states that "[t]he referendum shall be held at the first primary or general election held in that county not less than 60 days after the validation of the petition, *or* in compliance with the Michigan election law" (emphasis added). Plaintiffs suggest that Bryanton was required to comply with both MCL 42.34(6) *and* MCL 168.646a(2), and that the "final phrase of MCL 42.34(6), 'or in compliance with [the] Michigan election law,' was only intended to address situations where the provisions of the [CTA] and the provisions of [the] Michigan election law cannot be simultaneously satisfied." But we agree with the trial court that the term "or" in MCL 42.34(6) must not be read to mean "and." While it is true that misuse of the conjunction "or" "has infected statutory enactments," *People v Gatski*, 260 Mich App 360, 365; 677 NW2d 357 (2004), as previously indicated, "[t]he literal meanings of the terms 'and' and 'or' should be followed if they do not render the statute dubious," *White*, 280 Mich App at 389. Adhering to the literal meaning of the term "or" in MCL 42.34(6) does not render the statute dubious. Where statutory language is clear and unambiguous, it must be enforced as written. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002).

Plaintiffs also suggest that Bryanton was required to comply with MCL 168.646a(2) pursuant to MCL 168.646a(3), which states: "The provisions of this section apply notwithstanding any provisions of law or charter to the contrary . . . ." To the extent that there is a legitimate conflict between MCL 168.646a and MCL 42.34(6), we must conclude that the more specific statute controls. When two provisions conflict, and one is specific to the subject matter while the other is only generally applicable, the specific provision controls. *Miller v Allstate Ins Co*, 481 Mich 601, 613; 751 NW2d 463 (2008). "The specific statute is treated as an excep-

tion to the general one." *People v Ellis*, 224 Mich App 752, 756; 569 NW2d 917 (1997). While the Michigan Election Law, specifically MCL 168.646a(2), provides certification procedures for ballot proposals in general, the CTA contains provisions specific to annexations by petition and referendum. Accordingly, MCL 42.34(6) controls. Cf. *Bloomfield Twp*, 253 Mich App at 28-29 (holding that MCL 42.34[5] controls over MCL 168.482[4]).

### B. IDENTIFYING THE PROPERTY TO BE ANNEXED

Finally, plaintiffs argue that Bryanton violated MCL 168.643a by failing to adopt ballot language that clearly identified the property to be annexed. MCL 168.643a provides:

> A question submitted to the electors of this state or the electors of a subdivision of this state shall, to the extent that it will not confuse the electorate, be worded so that a "yes" vote will be a vote in favor of the subject matter of the proposal or issue and a "no" vote will be a vote against the subject matter of the proposal or issue. The question shall be worded so as to apprise the voters of the subject matter of the proposal or issue, but need not be legally precise. The question shall be clearly written using words that have a common everyday meaning to the general public. The language used shall not create prejudice for or against the issue or proposal.

Plaintiffs assert that Bryanton "utilized inherently confusing ballot language" and "failed to include a map, commonly understood points of geographic reference, addresses, or adjacent streets" that would have clarified the property to be annexed. We agree with plaintiffs that the general public may not have easily understood some of the ballot language, specifically the legal description of the property. Nevertheless, we conclude that the ballot language, viewed in its entirety, was

sufficient to apprise voters of the subject matter of the proposal. "The main objective of the question on the ballot is to generally apprise the voters of the subject matter." *Advisory Opinion on Constitutionality of 1982 PA 47*, 418 Mich 49, 90; 340 NW2d 817 (1983). Here, the question posed on the ballot was: "SHALL THE FOLLOWING DESCRIBED PROPERTY LOCATED IN THE CHARTER TOWNSHIP OF MERIDIAN BE ANNEXED TO THE CITY OF EAST LANSING?" The ballot further stated that the property was comprised of 6.33 acres of land in Elmdale subdivision adjacent to Taylor's Acres subdivision and Lake Lansing Road. In posing the question on the ballot and thus describing the property to be annexed, Bryanton utilized "clearly written . . . words that have a common everyday meaning to the general public" and successfully apprised voters of the general subject matter of the proposal. MCL 168.643a; *Advisory Opinion, supra.*

Moreover, even if the ballot language was potentially confusing, there is no indication in the record that any voters were actually confused or misled by the language. On October 25, 2006, approximately two weeks before the election, the East Lansing City Clerk published a summary of the ballot proposal, along with a map of the property to be annexed, in a local newspaper of general circulation. Furthermore, as plaintiffs have conceded, of the two electors in Meridian Township permitted to vote on the annexation, one was the petitioner who initiated the annexation and the other resided with the petitioner. We echo the trial court's statement that [i]t is impossible to believe that these two individuals were inadequately apprised of the subject matter of the annexation referendum." Thus, any violation of MCL 168.643a was harmless.

Affirmed.