*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PROGRESS FOR MICHIGAN 2020,

   Plaintiff-Appellant,

v

CYNDEE JONSECK,

   Defendant-Appellee.

UNPUBLISHED
September 8, 2020

No. 354726
St. Clair Circuit Court
LC No. 20-001331-AW

Before: O'BRIEN, P.J., and CAVANAGH and JANSEN, JJ.

PER CURIAM.

Plaintiff, Progress for Michigan 2020, appeals as of right the September 3, 2020 order of the St. Clair Circuit Court, which denied plaintiff's complaint for mandamus. Plaintiff seeks a writ of mandamus compelling defendant, Cyndee Jonseck, the Port Huron City Clerk, to certify plaintiff's ballot initiative language to the county clerk pursuant to MCL 168.646a. We reverse, and direct defendant to immediately certify the ballot language to the county clerk pursuant to MCL 168.646a.[1]

## I. FACTS

Plaintiff seeks to have a proposal placed on the ballot in the upcoming November 3, 2020 general election. The initiative, if approved, would enact an ordinance in the City of Port Huron regarding marijuana-related businesses and the adult use of marijuana. The content of the proposal is not at issue; rather, at issue in this appeal are two procedures for placing voter-initiated ballot proposals on the ballot, one provided by statute, and the other by the Port Huron City Charter. Beginning with the statutory provisions, MCL 168.646a(2) and (3), provisions of the Michigan election law, MCL 168.1 *et seq.*, provide the following:

---

[1] This Court granted plaintiff's motion to expedite the appeal. *Progress for Michigan 2020 v Jonseck*, unpublished order of the Court of Appeals, entered September 8, 2020 (Docket No. 354726).

(2)  If a ballot question of a political subdivision of this state including, but not limited to, a . . . city . . . is to be voted on at a regular election date or special election, the ballot wording of the ballot question must be certified to the proper local or county clerk not later than 4 p.m. on the twelfth Tuesday before the election. If the wording is certified to a clerk other than the county clerk, the clerk shall certify the ballot wording to the county clerk at least 82 days before the election. *Petitions to place a county or local ballot question on the ballot at the election must be filed with the clerk at least 14 days before the date the ballot wording must be certified to the local clerk.*

(3)  *The provisions of this section apply to and control the filing deadlines for . . . all ballot questions of a political subdivision of this state at any regular election . . . notwithstanding any provisions of law or charter to the contrary.*  [Emphasis added.]

There is no dispute that the twelfth Tuesday before the November 3, 2020 general election is August 11, 2020, and that the day that is 82 days before that election is August 13, 2020.  Nor does anyone dispute that 14 days before August 11, 2020, is July 28, 2020.  This aligns with guidance issued by the Secretary of State:

### Filing Deadlines: County and Local Proposals

\* \* \*

| | |
|---|---|
| **By 5:00 p.m., July 28, 2020** | Petitions to place county and local questions on the November general election ballot filed with county and local clerks.  (168.646a) |
| **By 4:00 p.m., August 11, 2020** | Ballot wording of county and local proposals to be presented at the November general election certified to county and local clerks; local clerks receiving ballot wording forward to county clerk within two days.  (168.646a)[2] |

The Port Huron City Charter has a detailed section regarding voter initiatives and referendums.  Port Huron City Charter, Section 3-9, gives the electors of the city the "the powers of initiative and referendum on all matters within the scope of the powers of the City.  Initiative means the power to propose and to enact ordinances."[3]  Port Huron City Charter, Section 3-10, provides the procedures by which initiatory and referendum petitions are governed.  Relevant to

---

[2]  2020 Michigan Election Date Booklet, p 5, available at https://www.michigan.gov/documents/sos/2020_Elec-Dates-Booklet_ED-12_10-09-19_668275_7.pdf.

[3] MCL 117.4i(g), a provision of the Home Rule City Act, MCL 117.1 *et seq*., allows cities to provide for "[t]he initiative and referendum on all matters within the scope and powers of that city . . . ."

this matter, Port Huron City Charter, Section 3-10(5) requires that, before a petition is circulated, the petition must be submitted to the city clerk, who shall then submit the petition to the city attorney "for an opinion on the proposal's compliance with the law." The city attorney is to provide his or her opinion, in writing, within 15 days. Port Huron City Charter, Section 3-10(5).

Port Huron City Charter, Section 3-10(6), provides that signed petitions must be filed with the city clerk. Port Huron City Charter, Section 3-10(7), then provides the city clerk with 15 days to determine whether the petition is in "proper form" and to determine whether the petition signatures are valid. Pursuant to Port Huron City Charter, Section 3-10(9), "If the petition is found sufficient and proper, the City Clerk shall present the petition to the City Council at its next regular meeting." Port Huron City Charter, Section 3-11, explains that once submitted to the city council, the city council must decide whether to adopt the ordinance itself, or alternatively, submit the proposal to the electors at the next available election date. The charter provides city council with 30 days to reach its decision after its meeting. Port Huron City Charter, Section 3-11(1) and (2).

In the present matter, plaintiff e-mailed a copy of the petition for review by the city's attorney on July 15, 2020. Plaintiff submitted to defendant 347 pages of petition signatures on July 28, 2020, the last day permitted for submission of petition signatures under MCL 168.646a(2). The city attorney provided an opinion on July 29, 2020, which found no problems with the proposal itself; the subject of the petition was "permissible under Michigan law and the City Charter[,]" and the "form and format of the Petition [was] consistent with Michigan law and the City Charter." But the city attorney did note that although MCL 168.646a(2) "allows signed petitions to be submitted to the Clerk up to July 28, 2020, such may not allow sufficient time to complete the certification process required by the City Charter, which can take up to 45 days (15 days for the Clerk and 30 days for Council), to be included on the November 3, 2020 ballot." On July 31, 2020, defendant emailed plaintiff's representative with a copy of the city attorney's letter. Defendant explained that:

> Per the City Charter, the City Clerk shall within 15 business days of receiving the signed petitions (July 28, 2020) determine the validity of the signatures on the petition in accordance with the law and so certify. I will be in touch on/or before Monday, August 17, 2020.

And on August 17, 2020, an assistant city clerk emailed plaintiff's representative to explain that indeed, a sufficient number of valid signatures were presented. The e-mail explains:

> The next step per Section 3-10 & 3-11 of the City of Port Huron Charter is to present the petition to the City Council at its next regular meeting which is September 14, 2020.
>
> Within thirty (30) days of receiving the petition, the City Council must (a) adopt the ordinance submitted in the petition; or (b) submit the proposal to the electors at the next available election date as provided by law.

Realizing that the timeline set by the above e-mail correspondence would almost certainly mean that the proposal would not be certified in time to be placed on the November 3, 2020 general election ballot, plaintiff filed suit in the circuit court on August 20, 2020. Plaintiff sought a writ

of mandamus compelling defendant to immediately certify the ballot proposal pursuant to MCL 168.646a(2). Plaintiff's complaint alleged that the timeline provided by the city charter was in clear conflict with MCL 168.646a(2). Plaintiff asserted that defendant had a clear legal duty to certify the ballot language to the county clerk immediately, notwithstanding the provisions of the city charter. The trial court heard the matter on August 27, 2020, and on September 3, 2020, the court entered an order denying the complaint for mandamus and closing the case. Plaintiff now appeals as of right.

## II. DISCUSSION

### A. STANDARD OF REVIEW

"A trial court's decision to deny a writ of mandamus will not be reversed absent an abuse of discretion." *Keaton v Village of Beverly Hills*, 202 Mich App 681, 683; 509 NW2d 544 (1993). To establish entitlement to the writ, a plaintiff must show (1) that the plaintiff "has a clear legal right to the performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial, and (4) no other remedy exists that might achieve the same result." *Coalition for a Safer Detroit v Detroit City Clerk*, 295 Mich App 362, 367; 820 NW2d 208 (2012) (quotation marks and citation omitted). Although the trial court's decision whether to issue a writ of mandamus is reviewed for an abuse of discretion, this Court's review of the first two elements—i.e., the existence of a clear legal right and a clear legal duty— de novo, as those are questions of law. *Id*. To the extent this Court must interpret the relevant statutes, questions of statutory interpretation are likewise reviewed de novo. *PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 505; 778 NW2d 282 (2009).

### B. ANALYSIS

The first question that must be answered is whether the Port Huron City Charter's provisions are preempted by the statutory procedure created by MCL 168.646a. "[W]here a city charter conflicts with a state statute, the statute controls in matters that are not solely a local concern." *Detroit City Council v Detroit Mayor*, 283 Mich App 442, 454; 770 NW2d 117 (2009). Pursuant to MCL 117.36, "No provision of any city charter shall conflict with or contravene the provisions of any general law of the state." We conclude that MCL 168.646a, in its current form, preempts the Port Huron City Charter's provisions.

As background, MCL 168.646a was amended in 2015, in response to this Court's decision in *Meridian Charter Twp v Ingham City Clerk*, 285 Mich App 581; 777 NW2d 452 (2009). At the time *Meridian Charter Twp* was decided, MCL 168.646a(3) provided that "[t]he provisions of this section apply notwithstanding any provisions of law or charter to the contrary, *unless an earlier date for the filing of affidavits or petitions, including nominating petitions, is provided in a law or charter*, in which case the earlier filing date is controlling." MCL 168.646a(3), as enacted by 2013 PA 253 (emphasis added). In response to *Meridian Charter Twp*, our Legislature amended MCL 168.646a(3) to state that the provisions of MCL 168.646a "apply to and control the filing deadlines for candidates for local office to be elected at the general November election and for all ballot questions of a political subdivision of this state at any regular election, primary election, or special election *notwithstanding any provisions of law or charter to the contrary*." MCL 168.646a(3), as

-4-

enacted by 2015 PA 197 (emphasis added). Were there any doubt regarding what that alteration was intended to accomplish, enacting section 1 of the public act states:

> Section 646a of the Michigan election law . . . as amended by this amendatory act is curative and intended to correct any misinterpretation of legislative intent by the Michigan court of appeals in Meridian Charter Township v Ingham County Clerk, 285 Mich App 581 (2009). It is the intent of the legislature that section 646a of the Michigan election law . . . as amended by this amendatory act expresses the original intent of the legislature that MCL 168.646a(3) *supersedes any and all conflicting provisions of law or charter prescribing the filing deadlines for candidates for local office to be elected at the general November election and for all ballot questions of a political subdivision of this state at any regular election, primary election, or special election.* [Emphasis added.]

And while the statute was amended again by way of 2018 PA 627, no alterations were made to MCL 168.646a(3). Thus, the language enacted by 2015 PA 197 remains controlling.

It is thus apparent that, at least as the charter has been applied in this case, MCL 168.646a and the Port Huron City Charter conflict. Under MCL 168.646a(2), initiatory petitions must be filed the city clerk "14 days before the date the ballot wording must be certified to the local clerk." With reference to the November 3, 2020 general election, that date is July 28, 2020. There is no question in this case that the initiatory petition was filed on the last day permitted by statute, July 28, 2020. Pursuant to MCL 168.646a(2), no later than "82 days before the election," the local clerk "shall certify the ballot wording to the county clerk . . . ." Following the terms of the statute, defendant had between July 28, 2020, and August 13, 2020, during which it could conduct any review of the petition before certifying the ballot wording to the county clerk.

In contrast, the city charter gives defendant 15 business days to review the petition to determine whether it is "in proper form" and to determine whether the signatures are valid. Port Huron City Charter, Section 3-10(7). Then, presuming the clerk finds the petition to comply with those requirements, it is to be presented to the city council at the next regular meeting; the city council may elect to adopt the proposal itself or submit it to the voters. Port Huron City Charter, Section 3-10(9). The city council may consider the matter for up to 30 days before deciding what action to take. Port Huron City Charter, Section 3-11. In this case, given the date defendant approved the ballot signatures and the date of the next regularly scheduled city council meeting at which the proposal could be considered, the Port Huron City Charter would allow the city council to wait to decide whether to put the matter on the ballot until mid-October—clearly too late for the matter to be put to the voters at the November 3, 2020 general election.

It is abundantly clear that the city charter provisions, to the extent those provisions conflict with MCL 168.646a(2), must give way. The Legislature could not have been more clear in MCL 168.646a(3): "The provisions of this section," i.e., MCL 168.646a, "apply to and control the filing deadlines . . . for all ballot questions of a political subdivision of this state at any regular election . . . notwithstanding any provisions of . . . charter to the contrary." As plaintiff explains, by strictly enforcing the city charter provisions, defendant has effectively moved the date for submission of

-5-

petitions to a date earlier than that contemplated by MCL 168.646a(2).[4] Defendant's obligation is to certify the ballot language pursuant to MCL 168.646a(2), even if that would conflict with the terms of the city charter.

Defendant argues that there is no conflict because MCL 168.646a(2) only applies if a ballot issue "is to be voted on at a regular election date . . . ." That is, according to defendant, plaintiff must first establish that the measure is to be voted on at the November 3, 2020 general election before the procedures of MCL 168.646a(2) would even apply. According to defendant, before having a right to put the matter on the November 3, 2020 general election, the procedures of the city charter would need to be completed, and it is not until those procedures are completed that plaintiff may have a right to have the matter put on any ballot.[5] We disagree. The first sentence of MCL 168.646a(2), on which defendant relies, states that, "If a ballot question of a political subdivision of this state . . . is to be voted on at a regular election date . . . the ballot wording of the ballot question must be certified to the proper local or county clerk not later than 4 p.m. on the twelfth Tuesday before the election." The phrase relied on by defendant is stated in a sentence that sets one deadline for certifying ballot wording to local or county clerks, no more and no less. And more importantly, the last sentence of MCL 168.646a(2) is clear: "Petitions to place a county or local ballot question on the ballot at the election must be filed with the clerk at least 14 days before the date the ballot wording must be certified to the local clerk." This case undoubtedly involves a petition to place a local ballot question on the ballot at the November 3, 2020 general election. As has been explained, plaintiff satisfied MCL 168.646a(2) by filing its petition on July 28, 2020, the date that is "14 days before the date the ballot wording must be certified to the local clerk." Because the provisions of MCL 168.646a(2) "apply to and control the filing deadlines . . . for all ballot questions of a political subdivision of this state at any regular election . . . notwithstanding any provisions of law or charter to the contrary[,]" MCL 168.646a(3), and because plaintiff satisfied the deadline for filing its petition established by MCL 168.646a(2), the city charter's lengthy approval process cannot be used to effectively keep the proposal off the November 3, 2020 general election ballot.[6]

---

[4] Indeed, defendant argues that plaintiff could have avoided the problem by simply filing its petition signatures 40 days earlier, which would have allowed the matter to be put before the city council on August 10, 2020. Defendant thus admits that its charter provisions have effectively moved the filing deadline for this proposal to be put on the November 3, 2020 ballot to a date well before that contemplated by MCL 168.646a(2).

[5] We use the word "may" because, as defendant notes, the city council could choose to enact the proposal itself.

[6] Defendant has asserted that had plaintiff acted more quickly and submitted its petition signatures a mere 40 days earlier than required by MCL 168.646a(2), the matter could have been submitted to the city council at its August 10, 2020 regular meeting, which would have obviated the need for this entire suit. Yet, as explained, MCL 168.646a(2) and (3) gave plaintiff the right to submit its petition at any point up until July 28, 2020. And by doing so, plaintiff did not prevent defendant and the City of Port Huron from completing the procedure put forth in the Port Huron City Charter. Defendant had the signatures in hand on July 28, 2020, and while the city charter provided her

-6-

The question becomes whether plaintiff is entitled to a writ of mandamus compelling defendant to certify the ballot language to the county clerk. We have little difficulty concluding that plaintiff is so entitled. For the reasons explained, defendant had a clear legal duty to comply with MCL 168.646a(2), even if that procedure differs from that stated in the city charter, and certify the ballot language to the county clerk by August 13, 2020. See *Warren City Council v Buffa*, ___ Mich App___, ___; ___NW2d ___ (2020) (Docket No. 354663), slip op at 5-6 (where the city council complied with the timeline of MCL 168.646a(2), the city clerk had a clear legal duty to certify the ballot language to the county clerk by August 13, 2020). And plaintiff, as the organization seeking to put the proposal to the voters, has a right to the performance of that duty. See *id*. at ___; slip op at 6 ("And as the body who passed the resolution, we conclude that plaintiff has a right to the performance of that duty").

"The third element asks if the duty was ministerial, or instead, involves a measure of discretion." *Id*. In *Warren City Council*, this Court held that the language of MCL 168.646a(2) provides "no room for discretion." *Id*. This is because the language uses the word, "shall," to describe the local clerk's duty to certify the ballot language to the county clerk. *Id*. The word "shall" indicates a mandatory, not discretionary, directive. *Id*. Given that no concerns have been raised with any aspect of the initiative—i.e., the requisite number of signatures were obtained, the language is not objectionable, etc.—defendant's "obligation was to certify the ballot language to the county clerk" by August 13, 2020. *Id*.[7]

"Finally, before the writ may issue, plaintiff must demonstrate that it has no other legal remedy." *Id*. Mandamus is generally the appropriate legal remedy to "compel the performance of election-related duties." *Id*. A writ of mandamus is necessary to compel defendant to perform her legal duties and certify the ballot language at issue. Accordingly, it was an abuse of discretion to refuse to issue the writ.

---

with 15 business days to review those signatures, nothing required her to wait that long. Rather, defendant could have completed her review in time to put the matter to the city council on August 10, 2020. At that point, and while the charter provides the city council with up to 30 days to reach a decision whether to adopt the ordinance itself or submit it to the voters, the city council is not required to wait that long. Rather, the city council could have made a decision in time such that defendant could have certified the proposal within the timeframe of MCL 168.646a(2). In other words, just as plaintiff could have acted earlier to ensure the city council's consideration at the August 10, 2020 meeting, so, too, could have defendant.

[7] This Court need not decide what, exactly, falls within the scope of a local clerk's review during the period provided by MCL 168.646a(2) between the filing of a petition with the local clerk and the certification of that petition to the county clerk, as in this case, there is no dispute whatsoever that there are no hurdles to certification other than the fact that the Port Huron City Charter could force the review process to drag out until mid-October 2020, just weeks before the November 3, 2020 general election.

## III. CONCLUSION

The circuit court's order is reversed to the extent that court denied plaintiff's request for a writ of mandamus compelling defendant to immediately certify plaintiff's ballot proposal language to the county clerk. Defendant is hereby ordered to immediately certify the ballot language to the county clerk pursuant to MCL 168.646a(2). A public question being involved, no costs may be taxed under MCR 7.219. This opinion shall have immediate effect pursuant to MCR 7.215(F)(2).

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Kathleen Jansen